**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SANSON COMPANY,** | ) | **CASE NO. 1:09CV791** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ARACA FOODS, INC., etc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #27) of Defendants, Araca Foods, Inc., Rego Brothers, Inc. aka Rego Brothers, and Rego Brothers, Inc. aka Rego Brothers 2, to Dismiss. Alternatively, Defendants request that the Court order Plaintiff, Sanson Company ("Sanson") to amend its Complaint a second time to add a necessary party. For the following reasons, the Motion and the alternative request are denied.

**I. BACKGROUND**

In its Complaint of April 7, 2009, Plaintiff, Sanson Company, alleges it holds a beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act ("PACA"), 1930, 7 U.S.C. § 499a, *et seq*. Plaintiff alleges it sold produce to Defendants, Araca Foods, Inc. aka Lake Road Market; Rego Brothers, Inc. aka Rego Brothers; Rego Brothers, Inc. aka Rego Brothers 2; and Rego's Fresh Market, Inc. aka Rego's Fresh Market and Rego's Fresh Market 2. Defendants allegedly were invoiced by U.S. Mail; and the face of the invoices included language of Plaintiff's intent to preserve its PACA "trust claim over the commodities, all inventories of food or other products derived from these

commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  Defendants have not paid the invoices; and are alleged to be in direct violation of PACA.

On May 19, 2009, Sanson filed an Amended Complaint (ECF DKT #13), omitting the Rego's Fresh Market Defendants and adding Huntington National Bank as a Party Defendant.

On August 5, 2009, Defendants, Araca, Rego Brothers and Rego Brothers 2, moved for dismissal, under Rule 12(b)(6), of the Amended Complaint for failure to state a claim upon which relief can be granted; and alternatively, requested a Court Order requiring Sanson to amend again and add Rego's Fresh Market, Inc. as a necessary party.

## II. LAW AND ANALYSIS

### Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is granted when "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 U.S. Dist. LEXIS 62208 (N. D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly,* U.S., 127 S.Ct. 1955, 1974 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable."  *Id.*   When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.  *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th

Cir.2001).

Quite recently, the United States Supreme Court rendered its decision in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

**Motion for Joinder**

Fed. R. Civ. P. 19(a) recites in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In Count I, Sanson avers Defendant, Araca Foods, Inc. aka Lake Road Market, failed to pay for the perishable agricultural commodities it purchased, and owes Sanson upon an account, the sum of $4,504.45. In Count II, Sanson avers Defendant, Rego Brothers, Inc. aka Rego Brothers, failed to pay for the perishable agricultural commodities it purchased, and owes Sanson upon an account, the sum of $18,432.55. In Count III, Sanson avers Defendant, Rego Brothers, Inc. aka Rego Brothers 2, failed to pay for the perishable agricultural

commodities it purchased, and owes Sanson upon an account, the sum of $4,000.00.

Applying the *Twombly-Iqbal* analysis, the Court finds the allegations in the Amended Complaint are more than "formulaic" recitations, and give rise to the plausible inferences that Sanson holds a beneficial interest, under PACA, in the goods or, proceeds from the goods, sold to Araca, Rego Brothers and Rego Brothers 2 until full payment on the invoices is made. Therefore, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

Moreover, the moving Defendants have not satisfied their burden of showing complete relief cannot be accomplished among existing parties, and in Rego's Fresh Market Inc.'s absence.  Thus, the Court denies their request for an order requiring Sanson to join the Rego's Fresh Market stores as necessary party defendants under Fed. R. Civ. P. 19(a).

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #27) to Dismiss of Defendants, Araca Foods, Inc., Rego Brothers, Inc. aka Rego Brothers, and Rego Brothers, Inc. aka Rego Brothers 2, and their request for alternative relief are denied.

**IT IS SO ORDERED.**

**DATE: October 15, 2009**

                                                **S/Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**